TERESA SIMPSON *vs.* THE RHODE ISLAND COMPANY.

PROVIDENCE—JUNE 4, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Negligence. Lunatics. Contributory Negligence.*

In an action for negligence against a common carrier, for causing the death of a person of unsound mind, contributory negligence can not be inferred from the mere fact that the insane person was at large.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and overruled.

PER CURIAM. The action given by section 14 of chapter 233 of the General Laws is to re-imburse the husband, or widow and children, or the next of kin, of a person who has been killed by the tort of another, for the pecuniary loss occasioned by such death.

This action is brought by a widow for the loss of a husband who was of unsound mind and required constant supervision. The declaration does not set out any peculiar circumstances which show any substantial pecuniary loss from this death. Negligence is alleged on the part of the defendant's servants, but it is not clearly stated in what that negligence consisted. In approaching a person on the track, of full age and apparently possessed of his faculties, the motorman would be required to take such precautions only as if the person were (1) actually of sound mind. But the demurrer is based only upon

the ground that the declaration shows contributory negligence on the part of the plaintiff. The only fact from which this might be inferred is that the insane person was at large. This does not necessarily show negligence on the part of his custodian. Nellis Street R. R. Accident Law, 413.

The demurrer must be overruled and the case remanded to the Common Pleas Division for further proceedings.

*Leon L. Mott*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman*, for defendant.